UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco SANCHEZ VALLE,<br><br>                       Petitioner,<br><br>v.<br><br>Howard C. BARRON,<br><br>                       Respondent. | Case No.: 23-cv-1446-AGS-DEB<br><br>**ORDER DENYING HABEAS PETITION (ECF 1)** |

In this 28 U.S.C. § 2241 habeas petition, petitioner seeks a prison transfer and relief from the allegedly onerous conditions of his confinement. These issues cannot be addressed through the requested writ of habeas corpus.

**A.    Prison Transfer**

Petitioner Francisco Sanchez Valle is imprisoned over 1,200 miles from his primary residence in California and seeks a transfer closer to home. (*Id*.) He believes the First Step Act "states that I have to be less than 500 miles away from my home." (*Id*. at 12.) He's mistaken.

The First Step Act does not mandate that prisoners be placed within 500 miles of their primary residence. Instead of such a bright-line rule, the Act sets forth a multi-factor analysis to ensure that inmates are placed "as close as practicable to the prisoner's primary residence, and *to the extent practicable*, in a facility within 500 driving miles of that residence." 18 U.S.C. § 3621(b) (emphasis added).

More importantly, by the Act's own terms, "a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id*. § 3621(b)(5). In other words, the statute that Sanchez relies upon forbids this Court from reviewing his prison designation, let alone ordering his transfer to another facility. *See Ahmad v. Jacquez*, 860 F. App'x 459, 461–62 (9th Cir. 2021) (upholding dismissal of § 2241 petition seeking a prison transfer under the First Step Act because under "§ 3621(b), we lack jurisdiction").

**B.     Conditions of Confinement**

Sanchez Valle also complains that he "has not seen an appropriate doctor," is "afraid that lack of medical care will lead to the return of [his] cancer," and is repeatedly ignored by prison staff who "never respond" to him. (ECF 1, at 6, 9–11.) Claims regarding prison conditions cannot be raised in a habeas petition. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Requests for relief from the "circumstances of confinement may be presented in a [42 U.S.C.] § 1983 [civil-rights] action."[1] *Id*.

## CONCLUSION

Sanchez Valle's habeas petition is **DISMISSED** for lack of jurisdiction. The Clerk will close this case.

Dated:  September 14, 2023

Andrew G. Schopler
United States District Judge

---

[1] Even if this were a § 1983 action, it would be in the wrong venue. Such cases must be filed where the defendants "reside[]" or "a substantial part of the events or omissions giving rise to the claim occurred." *See DeBose v. Madden*, No. 20-cv-1132-MMA (WVG), 2021 WL 689049, at *2 n.2 (S.D. Cal. Feb. 23, 2021). Sanchez Valle is confined at Federal Detention Center, SeaTac, in Seattle, Washington. (ECF 1, at 1.)